UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRICIA RODMAN, and MICHAEL RODMAN,<br><br>            Plaintiffs,<br><br>      v.<br><br>ETHICON, INC., and JOHNSON & JOHNSON,<br><br>            Defendants. | CASE NO. C20-6091 BHS<br><br>ORDER DEFERRING RULING ON DEFENDANTS' MOTION FOR COSTS AND BILL OF COSTS |

This matter comes before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's motion for costs and bill of costs pursuant to Rule 54(d). Dkt. 103.

Plaintiffs Tricia and Michael Rodman filed suit against Defendants in the MDL *In re Ethicon, Inc. Products Liability Lit.*, MDL No. 2327, located in the Southern District of West Virginia. Dkt. 1. Plaintiffs brought product liability, negligence, and fraud claims against Defendants arising out of Mrs. Rodman's surgical implantation of TVT-O—a prolene mesh implant—to treat her stress urinary incontinence. *Id.* Defendants moved for summary judgment while the case was still in the MDL, Dkt. 45, and after transfer, this

Court granted their motion, Dkt. 98. Plaintiffs have since appealed the Court's order. Dkt. 100.

Defendants, as the prevailing party, now move for costs associated with depositions taken in the case and costs of copies of medical records. Dkt. 103. They request an award of $7,011.63. *Id.*; *see also* Dkt. 104-1. Plaintiffs oppose the motion, arguing that the Court should deny the motion or defer ruling until their appeal is resolved. Dkt. 105.

Federal Rule of Civil Procedure 54(d)(1) allows for costs to be awarded to the prevailing party. "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (internal citation omitted). While there is a presumption in favor of awarding costs to the prevailing party, Rule 54(d) vests in the district court discretion to do so. *Assoc. of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591–92 (9th Cir. 2000).

Plaintiffs argue, and the Court agrees, that Defendants' motion for costs should be deferred pending appeal. While the Court granted Defendants' motion for summary judgment, the Ninth Circuit may reach a different conclusion.[1] Deferring ruling on

---

[1] Defendants cite to this Court's order in *Siperek v. United States*, 2017 WL 11357987 (W.D. Wash. Dec. 1, 2017), for the proposition that a stay is improper here and that Plaintiffs' similar request should be denied. Dkt. 106 at 5–6. The Court decided *Siperek* in the context of the defendant's Rule 62(c) motion to stay, which requires a party to show, in part, that he is likely to succeed on the merits. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court is not considering a Rule 62(c) stay here and concludes that *Siperek* is inapplicable to the motion at hand.

Defendants' motion for costs is in the best interest of judicial economy—should Plaintiffs prevail on their appeal, Defendants' motion will be moot.

Therefore, the Court **DEFERS RULING** on Defendants' motion for costs and bill of costs, Dkt. 103, pending appeal. The parties shall submit a status report within 14 days of the resolution of the appeal.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge